Dixon
v.
The judge of 2nd
jud. cir.

DIXON v. THE JUDGE OF THE 2ND JUDICIAL CIRCUIT.

The Supreme Court will not issue a mandamus commending the circuit court to alter its record—nor to make it conform to the state of facts set forth in affidavits.

PETITION for a mandamus.

Statement of the case.

The petitioner in this case moved this court to grant a mandamus against the Judge of the circuit court to shew cause at the next term of this court why he should not alter the record, in the case of the State of Missouri against said Dixon "so as to make the same a correct record of the facts and proceedings which occurred on the trial of that cause, and especially that he show cause why he should not make the record conform to the state of facts set forth in the affidavit of George Shannon, John Anderson and Uriel Wright, herewith filed and made a part of this petitition."

The affidavit states that the petitioner had been indicted for murder and convicted of manslaughter; that on the next morning after the jury found the verdict in said cause, and on the last day of the term, the said affiants as counsel of the petitioner, filed a motion in writing in open court, in arrest of the judgment in said cause; that at the time when said motion was filed, the petitioner being a prisoner, was not in court, and that they did not expect the court to decide on it, till he should be brought into court, to be present at the argument and decision of the said motion, and that after hearing but little argument, the court decided against the prisoner by overruling the motion, the prisoner not being in court, not having been in court that day. The decision was made against the prisoner in his absence. Some two hours after the motion was overruled, the prisoner was brought into court to receive sentence on the verdict found against him on the preceding day.

The affidavit further states that as the affiants are informed and believe the clerk of the said court did put the proceedings of the day on which the petitioner was sentenced as aforesaid on the record of the said court, in the order in which they had transpired in the court, and that the judge caused the clerk so to alter the record as to make it appear that the prisoner was present when the motion in arrest of judgment was overruled,

MESSRS. SHANNON AND WRIGHT for petitioner.

Argument of counsel for pet.

This is an application for a mandamus against the cir-

APRIL TERM
1836.

Dixon
v.
The judge of 2nd
jud. cir.

cuit judge of Marion county, made by Alexander H. Dixon through his counsel George Shannon and Uriel Wright, to show cause at the next term of this court, if any he can, why he should not alter the record in the case of the State of Missouri v. Alexander H. Dixon, so as to make the same a correct record of the facts and proceedings which occurred on the trial of that cause; and especially that he show cause why he should not make the record conform to the facts set forth in the affidavit filed with the application. (See the affidavit.

From the affidavit it appears that the court overruled finally and conclusively, a motion in arrest of judgment in the absence of the prisoner, while the record states *that the motion was overruled in his presence.*

2nd. It appears from the affidavit, that the record was made by the clerk in conformity with the facts set out in the affidavit—but that the judge caused the clerk upon the reading of the minutes to alter the same, so as to furnish a *record appearance* of the prisoner at the bar on the overruling said motion.

The constitution guarantees the right of the prisoner to be present at his trial; and the practice of all courts forbids that so important a decision as that which decides a motion in arrest against him should be rendered in his absence.

The law in its mercy and wisdom, supposes that *if present* he may say something to shew cause why judgment should not be passed against him.

By our law, the clerk is made the *custodier* of the records; but in making up the record, he is the ministerial officer of the court.—See 1 vol. M. L. p. 207; see also, p. 289, proviso to sec. 28.

The rule therefore should not be against the clerk.— Can it go against the judge? We think this a clear proposition.

We concede that the power to regulate the record is a power resident in the court—but it is a power subject to the control of a higher tribunal.

It is also true that a record is in general not to be contradicted; but that is the strongest possible reason why the controlling and superintending power of *this court* should be exercised to compel its agreement with the facts and proceedings it professes to record.—See State constitution p. 53, 3 sec. article 5th.

It is said that if the judge is guilty of improperly altering a record, he is subject to impeachment; certainly if wilfully done it would constitute a misdemeanor in office

APRIL TERM
. 1836.

Dixon
v.
The judge of 2nd
jud. cir.

which is an impeachable offence,—but the impeachment of a judge is a novel method of exercising the controling power of this court.

The constitution supposes that a judge may not only disgrace himself, but injure a suiter, and while it punishes the judge through the action of the Legislature it releives the suiter through the controling power of *this court.*

No doubt, we suppose, can be entertained that mandamus is the proper remedy for the evil, if there be remedy, and to maintain that there is not, is to assert that the life of a citizen is in the power of a circuit judge.— A prisoner may be acquitted by the verdict of a jury— the judge may have the record framed to make it a verdict of guilty. There is no power in this court or elsewhere to correct the record. The prisoner is hung and dies with the consoling reflection that the Legislature may impeach per adventure, the judge for the misdemeanor.

No bill of exceptions is allowed in a capital case; the remedy for the correction of error below is a writ of error which brings up only the record proper; a good indictment and a *forged verdict* disarms the power of this court to relieve.

It is true there is no forged verdict in this case, nor did we impute any intentional error to the judge of the circuit court; but we cannot shut our eyes to the alarming nature of a doctrine which gives impunity to vice, and makes unintentional error irremidable.

As to the ultimate effect of a correction of the record on the fate of the prisoner, that will properly become the subject of investigation upon a writ of error to this court. But the prisoner is certainly entitled to a record which faithfully and correctly represents the proceedings of his trial.

Opinion of the court delivered by Tompkins J.

Opinion of the
court.

The supreme ct.
will not issue a
mandamus commanding the circuit court to alter
its record—nor to
make it conform
to the state of
facts set forth in
affidavits.

The counsel for the petitioner concede that in general a record cannot be contradicted. But they contend that the third section of the fifth article of our constitution, confers on this court the power of which they now claim the exercise. That section reads thus: "The supreme court shall have a general superintending control over all inferior courts of law. It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, and other original remedial writs, and to hear and determine the same." If indeed this court can, under this provision of the constitution command a judge of the

APRIL TERM
1835.

Dixon
v.
The judge of 2nd
jud. cir.

circuit court to alter his record, so as to conform to what it may be told is the truth, then it would seem that there is no use for a court to find the facts of each particular case, for the losing party might say that the verdict was in truth found for him when the court had caused one to be entered on record against him; and this court might be required to hear again the testimony, or at least to call before it, the jury to ascertain what was the verdict. Such a power conferred on this court by the constitution, would have been but opening a wide door to anarchy. The second section of the same article of the constitution, declares that the supreme court, except in cases otherwise directed by this constitution, shall have appellate jurisdiction only. It is not pretended that this is an excepted case. But it is contended that unless this court will assume such power, the petitioner may suffer great hardships, and might indeed have been executed, had he been found guilty of murder; for say the counsel, the jury may find a verdict of "not guilty," and the court may cause a verdict of guilty to be entered on the record.

From the earliest days of the history of judicial proceedings, the courts have had it in their power to falsify the record in this manner, and if our convention intended the superintending control given by the third section to cure such an evil, they certainly provided a very inefficient remedy. For a prisoner might be condemed and hanged in the vacation of this court; this court then, if designed to take this liberty with records of the courts of original jurisdiction, should have been continually in session. It seems then that the convention intended that this court should superintend and control the circuit court in such manner only as is directed by the written law of the land, and the common law, as adopted by the written law. It may be observed that no intentional misconduct is imputed to the judge; and no convention would probably frame a constitution with a view to the probability of such an act being committed by a judge.

If indeed a judge were to be found perverse enough to make up a record falsly, there would still be virtue enough left in the community, to save the prisoner by a prompt and correct representation of his case to the governor, who would relieve him without going through the tedious and dangerous process of altering the record, a thing against which the wisdom of ages has said nothing can be averred.

In our opinion, the motion for a mandamus ought to be overruled, and it is accordingly done.