COUNTY COURT OF CALLAWAY COUNTY vs. INHABITANTS OF ROUND PRAIRIE TOWNSHIP.

A *mandamus* will not lie from the Circuit Court to compel the County Court to set aside an order vacating a road. The County Court has exclusive jurisdiction in such matters, and its action is final.

## APPEAL from Callaway Circuit Court.

ANSELL & LEONARD, *for Appellant, insist:*

1. The report of commissioners, upon a remonstrance against vacating a public highway, does not conclude the matter, and impose upon the court the mere ministerial duty of receiving and filing the report. The power of establishing and vacating roads, is conferred upon the County Courts, by the 2nd section of the act concerning public highways, in the broadest language and without any limitation; and the law has not abridged this power, by substituting in this instance, the judgment of the commissioners, in lieu of the judgment of the court. The 27th section of the act expressly declares, that the judgment of the court, upon the report of these commissioners, shall be conclusive; while the doctrine of the Circuit Court is, that the report is conclusive; and the court is to exercise no judgment whatever in the matter.

2. If the County Court erred in its judgment in the premises, that error cannot be remedied by *mandamus*. This writ is appropriate to compel a court to decide; but not to correct its error when it has decided erroneously.

SHEELEY & JONES, *for Appellees, insist:*

That the answer is not responsive to the petition, but is a labored argument to show, that the Circuit Court had no jurisdiction.

The statute regulating the opening and repairing of county roads, is peremptory on the County Court, and deprives the party of the right of appeal. Rev. Statutes, 961. In this case as there was no appeal or writ of error, a *mandamus* was the proper and appropriate remedy. See 3 Blackstone's Com., 110, 111, and 265, and note; 8th sec. of 5th art. Constitution; 9 Mo. Rep., 118; Boone county vs. Todd, 3 Mo. R., (Republication) 196; 1 Cowen Rep., 31; 2 Cowen, 492; 12 Peters, 524; 5 Mass. Rep., 437; 10 Pick., 59; 3 Conn. R., New Series, 246; 3 New Jersey, 291.

McBride, J., *delivered the opinion of the Court.*

At the June term, 1844, a petition signed by several of the inhabitants of Round Prairie Township in Callaway county, was presented to the County Court of said county, praying the establishment of a road therein designated. The court appointed commissioners to view and mark out a road in conformity to the prayer of the petitioners, who reported a practicable route; whereupon, at the November term, 1844, of the court, the report was approved, the road established, and an overseer appointed to open the same. The road was not opened by the overseer. At the February term, 1846, a petition was presented to the court, by a number of the citizens, praying the court to vacate the road, because if the said road should be opened, the same would be useless and inconvenient, and the repairing of the same, an unreasonable burthen to the inhabitants thereabout. At the May term of the court following, a remonstrance, signed by a number of the citizens, was presented, protesting against the annulling of said road. The court then appointed commissioners to view and report whether the road would be of public utility, &c., who at the next August term, reported the same to be of great utility. Thereupon the court set aside the report and ordered that the said road be vacated, &c.

At the October term, 1846, of the Circuit Court of Callaway county, a number of the citizens of Round Prairie Township, who had petitioned for the road, presented a petition to the Circuit Court, praying a *mandamus* from that court, compelling the County Court to set aside their order vacating the road, and to appoint an overseer to open said road, &c. The petition sets forth all of the actings and doings of the County Court in the premises. A conditional *mandamus* was awarded against the justices of the County Court, two of whom appeared and answered, alleging that in their making of the order, vacating and annulling the road, they acted in conformity to law, and protesting against the jurisdiction thus attempted to be exercised by the Circuit Court over the County Court. To the answer, a demurrer was filed, and the same sustained by the Circuit Court, and then awarded a peremptory *mandamus* against the County Court, to which the justices objected and excepted, and appealed to this Court.

It appears from the record that the public interest and convenience is alone involved in this proceeding, and that therefore the whole subject is placed under the exclusive jurisdiction of the County Court. The law regulating the proceedings is found in the R. C. 1845, p. 964, sec. 23,.

which provides "that any twelve householders of the township or townships, may make application by petition to the County Court, for the vacation of any county road, as useless, and the repairing thereof an unreasonable burthen to such township or townships." The next three sections prescribe what action shall be had by the County Court on the petition. Section 27 declares that "the judgment of the court upon the report of the commissioners, in such cases, shall be conclusive in the premises." See Overbeck & Shaw vs. Galloway, 10 Mo. R., 364.

The Circuit Court committed error, in awarding a *mandamus* against the County Court, and its judgment is therefore reversed.