ATKINSON v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, *Appellant*

1. **Entry nunc pro tunc.** Before a record entry can be changed at a subsequent term by an entry *nunc pro tunc*, something in the record, the judge's docket, the clerk's minutes or papers on file must show that the record is in fact incorrect.

2. **Record Entry, Contradiction of.** The affidavit of an attorney in a case is not admissible to contradict the record entry, that a continuance was by consent.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*Lathrop & Smith* for appellant.

The judgment should be corrected in accordance with what the docket and minutes show. The language is unequivocal, and is absolutely controlling. What may be in the breast of the court, even in regard to the matter, cannot avail, inasmuch as the motion to correct the entry was made after the close of the term at which the cause was continued. *Hyde v. Curling*, 10 Mo. 359; *State v. Clark*, 18 Mo. 432; *Gibson v. Chouteau*, 45 Mo. 171; *Saxton v. Smith*, 50 Mo. 490; *Priest v. McMaster*, 52 Mo. 60; *Jillett v. Union National Bank*, 56 Mo. 304; *Dunn v. Raley*, 58 Mo. 134; *Fletcher v. Coombs*, 58 Mo. 430, 434; *Woolridge v. Quinn*, 70 Mo. 370; *Belkin v. Rhodes*, 76 Mo. 643. The service in this case is fatally defective. Neither the justice nor the circuit court acquired any jurisdiction of defendant. The motions to dismiss and in arrest of judgment, should have been sustained. R. S., § 748; *Jordan v. Railroad Co.*, 61 Mo. 52.

*J. M. Williams* for respondent.

EWING, C.—This was a suit before a justice of the peace for killing a steer.

At the trial before the justice defendant entered no appearance. Judgment by default was rendered for plaintiff for $104. Defendant then appeared, specially, and moved to set aside the default. The motion was overruled, and defendant appealed to the circuit court. In the circuit court, on the 30th day of November, 1880, as appears upon the minutes kept by the clerk, and by the entry of the judge on his docket, the cause was continued on the appli-

cation and at the cost of plaintiff, upon the verbal application of his attorney. On the 21st day of March, 1881, defendant appeared, specially, and filed a motion to dismiss the cause, for the reason that neither the circuit court, nor the justice before whom the cause was tried, had any jurisdiction of either the person of the defendant, or of the subject matter of the suit. On the 22nd day of March, 1881, said motion was taken up. Plaintiff produced the record entry made in the cause by the clerk at the November term, 1880, whereby it appeared that said cause was continued by consent of parties, instead of "on the application, and at the cost of plaintiff." Defendant insisted that said entry was erroneous, and thereupon, withdrew its motion to dismiss, and appearing, specially, filed a motion for a *nunc pro tunc* entry for the purpose of making the record of the proceedings had concerning the continuance on the 30th day of November, 1880, show that the cause was not continued by consent, but on the application, and at the cost of plaintiff.

Said motion for a *nunc pro tunc* entry was taken up and submitted on the 24th day of March, 1881. Defendant in support of the motion, offered in evidence the entries on the docket of the judge and the minutes of the clerk in relation to said continuance. The entry on the judge's docket is as follows:

"A. C. Atkinson, Appellee, vs. A. T. & S. F. R. R. Co., Appellant. Continued on appn & at costs of plff, 11:30," The minutes of the clerk read as follows:

"HARRISONVILLE, Mo., Tuesday, Nov. 30th, 1880.

7084, Atkinson vs. A., T. & S. F. R'y Co. Cont. on application at cost of plff."

Defendant then read in evidence the following motion:

"In the circuit court of Cass county, state of Missouri. A. C. Atkinson, plaintiff, vs. A. T. & S F. R. R. Co., defendant. Now, at this day, comes the defendant and appearing, specially, for the purpose of this motion, moves the court to dismiss this suit, because neither this court nor

the justice before whom the case was originally tried, had any jurisdiction over this defendant, for the reason that there was no sufficient service of process upon the defendant "

This was all the evidence offered by defendant in support of the motion for a *nunc pro tunc* entry.

Plaintiff thereupon offered, and read in evidence, the record entry made by the clerk on the said 30th day of November, 1880, in regard to said continuance, which is as follows:

"Now, at this day come the parties aforesaid, by their attorneys, and by consent it is ordered, that this cause be, and is hereby continued on the application, and at the cost of said plaintiff. Wherefore, it is considered and adjudged by the court, that said defendant have, and recover of and from said plaintiff, its costs and charges herein at this term of court expended, and have thereof execution."

The court overruled the motion for a *nunc pro tunc* entry. Defendant excepted. Defendant thereupon appearing, specially, filed its motion to dismiss the cause for the reason that defendant had never been legally served with process, and that the court had never acquired jurisdiction of the person of the defendant. The court overruled the motion to dismiss. Defendant excepted, and by its attorney announced that it would appear no further in said cause. Plaintiff offered evidence tending to prove the allegations of his statement. The court found in his favor and assessed, as his damages, $52, and upon written motion of plaintiff, the same were doubled, and final judgment rendered for $104. The defendant brings the case to this court by appeal.

The only question in this case is, did the circuit court err in refusing to make the *nunc pro tunc* order asked by the defendant. And we must answer that question in the negative by authority of the case of *Belkin v. Rhodes,* 76 Mo. 643, where the question of *nunc pro tunc* entries was elaborately discussed and settled; in which Ray, J. said:

" It may be conceded, also, that when a judgment is entered up *nunc pro tunc* by order of the court, that the presumption should be (in the absence of any facts shown to the contrary) in favor of the action of the court, and that it was based on competent and sufficient evidence. Yet where the facts fully appear upon which such entries are based, this court will judge of their competency and sufficiency, and review any error that may appear to have been made. In all cases, however, the judgment appearing of record, is presumptively the judgment of the court, and not an error of the clerk, and cannot be set aside at a subsequent term on the ground of clerical mistake or misprison, unless something in the record, or the judge's docket, or the clerk's minutes or paper on file shows such mistake, and in what it consists." See authorities cited in the above opinion.

In the case at bar, the judge's docket shows " continued on appn and at costs of plff, 11:30." The clerk's minutes show : " Cont. on application at cost of plff." This was the defendant's evidence, on the motion. The plaintiff in opposition read the record entry as follows : " Now at this day come the parties aforesaid, by their attorneys, and by consent it is ordered, that this cause be, and is, hereby continued on application, and at the cost of said plaintiff," etc. This record contains just what the clerk's minutes and the judge's docket show, a continuance on the application, and at the cost of plaintiff; but it goes one step further, and states that the order was made by consent; this is not in conflict with the minutes of the judge and clerk, and before the judgment can be changed in that regard, " something in the record, or the judge's docket, or the clerk's minutes, or papers on file must show" that the record is, in fact, incorrect. This is the well settled rule.

The defendant read in evidence the affidavit of its attorney, denying that the continuance was by consent, but according to the authorities this is not permissible. There

is no evidence here, such as required by the authorities, upon which to base a *nunc pro tunc* entry.

The judgment of the circuit court is affirmed. All concur.