Addie L. Owens *et al.*, Respondents, v. Martin A. Link, Administrator of Mary I. Link, Deceased, Appellant.

**St. Louis Court of Appeals, March 8, 1892.**

1.  **Appeals**: ADMINISTRATION. An appeal lies from the order of a probate court overruling a motion for the removal of an administrator.

2.  **Administration**: REMOVAL OF ADMINISTRATOR. The removal of an administrator is warranted by the statute (R. S. 1889, sec. 42), if, upon a survey of the whole administration, it appears that the administrator is wasting the estate, or abusing his trust to the prejudice of those beneficially interested in the estate. And the fraudulent procurement by him of the allowance against the estate of an unfounded claim in his favor not merely warrants but requires his removal.

3.  **Practice, Trial**: HEARING OF TWO CAUSES TOGETHER. A trial court, before which there is pending an action in equity to vacate the allowance of a demand against an estate, alleged to have been procured through the fraud of the administrator, and a motion by the plaintiffs in that action for the removal of such administrator on several grounds including such fraud, may in its discretion hear both proceedings together.

4.  **Res Adjudicata**: MOTION FOR REMOVAL OF ADMINISTRATOR. *Held, arguendo,* that a finding is not *res adjudicata* when it is unnecessary to the decree made, and is upon a question not properly submitted, and, accordingly, that a detailed statement of the account of an administrator made in a proceeding for his removal, would not be *res adjudicata* in subsequent proceedings.

Owens v. Link.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*A. McElhinney,* for appellant.

*Chas. H. Anderson,* for respondents.

THOMPSON, J.—This was a petition in the probate court of Franklin county to remove the defendant as administrator of the estate of his deceased mother, Mary I. Link. The petitioners are his brothers and sisters, and are the other heirs of the estate. The probate court refused the order of removal, and the petitioners appealed to the circuit court, which court granted the order, and defendant appeals to this court. The petition asks for his removal on three grounds: *First.* That he has failed and refused to charge himself in his settlements or inventory with rent of land of the estate occupied by him. *Second.* That he is engaged in cutting and hauling away valuable timber from the portion of the estate in his possession. *Third.* That he fraudulently obtained an allowance against the estate, in his own favor, for the sum of $685, on the twenty-fourth day of June, 1887. This last ground refers to the matter which was before this court, and recently decided, in the case of *Link v. Link, ante,* p. 345.

We shall first notice the objection that no appeal lay from the decision of the probate court, refusing to remove the administrator to the circuit court. It will be perceived, on examining the statute granting the right of appeal from the probate court to the circuit court (R. S., sec. 285), that it grants in express terms an appeal, "on all orders revoking letters testamentary or of administration;" but that it does not grant in express terms an appeal from a judgment *refusing* to revoke letters, testamentary or of administration. But

it does, in its fifteenth clause, grant the right of appeal " in all other cases where there shall be a final decision of any matter arising under the provisions of this chapter." This clause is large enough to include the right of appeal from an order of the probate court refusing to revoke letters testamentary or of administration ; and, therefore, we must overrule this assignment of error. *Ferguson v. Carson,* 13 Mo. App. 31 ; affirmed, 86 Mo. 677.

II. The statute ( R. S. 1889, sec. 42) provides that, " if any executor or administrator" * * * shall become "in anywise incapable or unsuitable to execute the trust reposed in him, or fail to discharge his official duties, or waste or mismanage the estate, * * * the court upon complaint in writing made by any person interested, supported by affidavit and ten days' notice given to the person complained of, shall hear the complaint, and if it finds it just shall revoke the letters granted." This section was under consideration in the case of *Meriwether v. Block,* 31 Mo. App. 170, and the conclusion of the court substantially was that if, upon a survey of the whole administration, it appears that the administrator is wasting the estate or abusing his trust to the prejudice of those beneficially interested in the estate, a just ground for removal is shown. That such is the case exhibited by this evidence there can be no question. The circuit judge found, in a decree finding the facts, that all three of the grounds of removal above set out were established by the evidence. We are prepared to say, after an examination of the evidence, that there was substantial evidence tending to establish all three of these grounds. But we are rather disposed to rest our conclusion affirming the decree of the circuit court upon the third than upon the first or second ground ; for, while some excuses were offered for his delinquencies under the first and second heads, none were or would be offered for his fraudulent concoction of the

claim against the estate in his own favor, which was the subject of the decision of this court in the former case.

In this proceeding the whole matter of the fraudulent concoction of that claim and judgment against the estate was heard before the circuit judge upon the same evidence which was before him in the other case; that is to say, on motion of the plaintiffs in the two cases, the parties being the same in both cases, he heard the two cases together, sitting as a judge in each case without a jury,—the defendant in each case excepting. But the defendant lost the benefit (if there were any benefit) of this exception by failing to renew it in his motion for a new trial. He does, however, in this case renew the exception in an indirect or collateral way, in his motion for a new trial, in the proposition that the finding and judgment in this case were predicated upon the judgment in that case, which was still pending. This is a very untenable proposition. The court simply heard two cases between the same parties, both of them determinable by the judge himself without a jury, together, in the exercise of a sound discretion, to prevent the reassembling of witnesses and the accumulation of costs. The judgment, which he rendered in each case, was a judgment upon the evidence before him applicable to that case, and was in no sense a conclusion based upon the judgment in the other case. The subject of the fraudulent concoction of the judgment in favor of the administrator for the sum of $685 against the estate, therefore, comes before us in this record upon the same evidence under which it came before us in the other case of *Link v. Link, supra.* In our opinion, reviewing the evidence in that case, we characterized that act in language which it seemed to us to deserve. We have now to say briefly, upon the merits of that act as a ground for the removal of the administrator, that, laying the other two grounds out of view, that ground of removal not only authorized but required the circuit court to make the order of removal.

The detailed finding made by the circuit judge, as to the state of the account, was unnecessary to the decree and a finding upon a question not properly submitted. That finding, therefore, cannot be used as *res judicata* in any subsequent proceeding, and the defendant's objection to the decree on that ground is untenable.

The judgment of the circuit court will, therefore, be affirmed. It is so ordered. All the judges concur.