# THE STATE OF MISSOURI ex rel. JOHN P. PINGER et al., by their Next Friend, Respondent, v. STERLING P. REYNOLDS, Judge, etc., Appellant.

### Kansas City Court of Appeals, November 19, 1906.

1. **PARENT AND CHILD: Domicile: Evidence.** As a general rule the domicile of the parent is the domicile of the minor child. and the evidence presents no facts warranting an exception to the rule.

2. **GUARDIANS AND CURATORS: Appointment of Curator: Duty of Probate Court.** A minor over fourteen years of age has under the statute an absolute right to have the person of his selection appointed his guardian if he has the proper qualifications, and the probate court cannot arrogate to itself the right of choice the law gives to the minor.

3. ———: ———: ———: **Judgment: Mandamus.** The rule that findings of a court are judicial acts not subject to impeachment and collateral attacks such as a mandamus proceeding, is not applicable to the refusal of a probate court to appoint the nominee of a minor, over fourteen years of age, as his guardian when such nominee is properly qualified under the statute.

4. ———: ———: **Minor's Right to Nominate: Appeal.** Where a probate court refuses to appoint the minor's nominee as his curator, though he was qualified, and appointed another, the effect of the order is not so much the appointment of the other person as to deny the right of the minor, and appeal will lie in favor of the minor.

5. ———: ———: ———: ———: **Sui Juris of Minor.** A minor over fourteen years of age has the right to nominate a guardian and for that purpose is *sui juris* and may act in his own person or by agent in securing an appeal or instituting other proper proceedings to secure his right.

6. ———: ———: ———: ———: **Mandamus.** Where a minor's nominee is admittedly qualified, the action of the probate court in refusing to appoint him is not judicial and, while an appeal will lie, the remedy by mandamus will likewise lie, since the former remedy may not be efficient.

7. ———: ———: ———: ———: ———. A writ of mandamus commanding the probate court to grant an appeal from its or-

der refusing to appoint the minor's nominee as his guardian, and further ordering the said court to appoint such nominee as such guardian, is inconsistent, since the appeal deprives the court of jurisdiction while the appointment implies the court's continued jurisdiction.

*Appeal from Buchanan Circuit Court.—Hon. Chesley A. Mosman, Judge.*

REVERSED AND REMANDED (*with directions*).

*Woodson & Woodson* for respondent and appellant.

(1) Appellees seek to evade that statute by alleging, "That the said probate judge arbitrarily and without any evidence found that John P. Pinger was a nonresident minor." But unfortunately for the appellee's position, the judgment of the probate court finds that he was a non-resident, which carries absolute verity upon its face until set aside in a direct proceeding instituted for the purpose, and mandamus is not such a proceeding. Dixon v. Judge, 4 Mo. 286. The above case is on all-fours with the case at bar. County Court v. Inhabitants, 10 Mo. 679; Dunklin Co. v. District Co. Court, 23 Mo. 449; Atkinson v. Railroad, 81 Mo. 50; Castleman v. Relfe, 50 Mo. 583. (2) The same rule of verity applies to judgments of courts of limited jurisdiction, such as probate courts. Johnson v. Beazley, 65 Mo. 250; State v. Daniels, 66 Mo. 192; Camden v. Plain, 91 Mo. 129; Delworth v. Rice, 48 Mo. 124. (3) The demurrer should have been sustained for the reason stated in the second grounds assigned therein, which is as follows, to-wit: Second, "Because an appeal does not lie from the order of the probate court appointing a curator of minors." R. S. 1899, sec. 3535; R. S. 1899, sec. 278; Looney v. Browning, 112 Mo. App. 195; State ex rel. v. Fowler, 108 Mo. 465; State v. McCowan, 80 Pac. 954. (4) The demurrer should have been sustained for the third ground assigned, which is as follows, to-wit:

"Third, because an appeal does not lie from an order of the probate court refusing to appoint the person as their curator, chosen by the minors as their curator." The power of the probate court to approve or disapprove the selection made by the minor is clearly a discretionary power from which no appeal lies. This is true of all discretionary powers. State ex rel. v. Flad, 108 Mo. 614; State ex rel. v. Marshall, 82 Mo. 484; Dixon v. Circuit Judge, 4 Mo. 286; Fisk v. St. Louis, 145 Mo. 600. (5) The demurrer should have been sustained for the reasons stated in the fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth grounds thereof, which are in substance that Caroline Pinger has no interest individually as agent nor as natural guardian of the minors which would warrant her to make and file the affidavit for the appeal from the judgment of the probate court appointing James A. Gibson, curator of the minor relators, to the circuit court. McCarty v. Rountree, 19 Mo. 348; Spilane v. Railroad, 111 Mo. 555; State ex rel. v. Stead, 143 Mo. 248. A demurrer is the proper practice to reach that defect. Higgins v. Railroad, 36 Mo. 431; Gregory v. McCormick, 25 S. W. 565. (6) The alternative writ prays for an order of this court allowing an appeal from said orders of the probate court, which this court has no power or jurisdiction to make. It is well-settled principle that the peremptory writ must conform strictly to the alternative mandamus, being necessarily limited as to form by the terms of the alternative writ. State ex rel. v. Railroad, 76 Mo. 147, 42 U. S. 429. (7) The decree of the circuit court ordering the issuance of the peremptory writ is fatally defective in this: It peremptorily orders the respondent without delay to allow the appeal from the probate to the circuit court, and in the next breath orders the probate court without delay to allow John P. and Lillian Pinger to choose their own curator.

*Kendall B. Randolph* for respondents.

(1) The mother is the natural guardian. R. S. 1899, sec. 3477. Such mother has a right to represent her minor child in court. Brandon v. Carter, 119 Mo. 572. (2) Minors over fourteen years of age having no guardian, may choose one. R. S. 1899, sec. 3485. (3) Appeals from the probate court in matters of guardianship are provided for by section 3535, Revised Statutes 1899. (4) Subdivision 4 of section 1674, Revised Statutes 1899, provides in reference to the jurisdiction of circuit courts. State ex rel. v. Anthony, 65 Mo. App. 554. (5) John P. Pinger was squarely denied the right to select a curator under the pretext that he was a nonresident minor, although the records of the probate court showed to the contrary. The domicile of a minor is the home of his parents. Lacey v. Williams, 27 Mo. 280; 15 Am. and Eng. Ency. Law, p. 38. (6) Mandamus is the proper remedy where the probate court refuses to do those things which the law arbitrarily fixes as his duty. Where the law fixes a right the probate court can be made to follow the law by mandamus. State ex rel v. Fowler, 108 Mo. 470; Burge v. Burge, 94 Mo. App. 15; State ex rel. v. Collier, 62 Mo. App. 38. (7) The appeal lies under the fifteenth clause of Section 278, R. S. 1899. Owens v. Link, 48 Mo. App. 534. If section 1674, R. S. 1899, part 4, means anything whatever, or was enacted for any purpose it means that a review of every act of the probate court may be had in the circuit court, by means of one of the four remedies hereinbefore named, otherwise minors are at the mercy of the judge, who can do right or wrong, as he pleases. (8) The natural guardian must be entitled to represent, protect and defend the minors, else a probate judge and adverse curator can have all matters under their exclusive control, and can with impunity deny to minors the rights given them by statute. Palmer v. Oakley, 2 Douglas (Mich.) 471; Perry v. Brainard, 11 Ohio

442. (9) The contention of the appellant that the minors can have but one chance in the selection of a guardian is neither the spirit nor letter of the statute. (10) The court of appeals can correct the judgment, if it finds it not to be in conformity with the law, without reversing the case. They can give to these respondents whatever rights they are entitled to.

JOHNSON, J.—This is a mandamus proceeding originated in the circuit court of Buchanan county. The material facts alleged in the alternative writ in substance are as follows: The relators are minors, each over the age of fourteen years, and reside with their mother (who was appointed and appears as their next friend) at her domicile in Buchanan county. They own a valuable estate in that county as tenants in common and on and prior to the 13th day of May, 1905, Henry May was the curator of their estate. On the date mentioned he resigned and his resignation was accepted by the probate court. At that time John Pinger, one of the relators, was temporarily absent from home attending school in California. He sent to his mother a written request that H. E. Rich be appointed curator and Mrs. Pinger and her daughter, the relator Lillian, appeared together in open court and requested the appointment of Mr. Rich as curator of both estates. Whereupon the probate court entered of record the following order:

"ESTATE OF JOHN P. PINGER et al., MINORS.

"Now here the resignation of Henry May, curator, heretofore filed, is accepted. The court finds that John P. Pinger is a non-resident minor. Lillian Pinger in open court chooses H. E. Rich curator of her estate, which choice is disapproved. It is ordered that James A. Gibson, public administrator and ex-officio public guardian, take into his charge and custody the estate

of John P. Pinger and Lillian Pinger and administer same according to law."

The defendant is the probate judge, who made said order, and it is charged that he "arbitrarily and without any evidence having been presented to him found that John P. Pinger was a non-resident minor and arbitrarily and without complying with the statutes, and without finding that the choice of the minors was unsuitable and incompetent, disapproved. of their choice and without giving them an opportunity to make another selection cut off their right to select a curator and denied their right to make such selection, and arbitrarily and much to the humiliation of the minors and their mother and their family ordered that the public administrator and ex-officio public guardian take into charge and custody their estate."

In a few days after this order was made, the minors, acting through their mother as their natural guardian, filed a motion in the probate court to set aside the order on the grounds that the court was in error in finding that John P. Pinger was a non-resident; in disapproving of the selection made by the minors; in appointing the public administrator to take charge of their estates; and in denying them the opportunity to make a selection of their own.  When this motion came on for hearing the minors presented themselves in court for the purpose of exercising their right to nominate a curator, but this right was denied them and their motion was overruled. Their mother then filed an affidavit for appeal and an appeal bond in the sum of $500, but defendant denied their right to appeal and refused to allow it.  The relief invoked is expressed in the command to defendant appearing in the alternative writ, that "immediately after the receipt of this writ you do . . . allow the appeal of these relators from the said probate court or permit the said relators to choose a curator of their estate or show cause," etc.

The return to this writ filed by defendant is a demurrer, which raises several questions of law of vital importance. It was overruled by the learned judge and defendant refusing to plead further, a peremptory writ was ordered to be issued and from this judgment defendant appealed.

Defendant by electing to stand on his demurrer to the alternative writ has admitted the truth of all of the facts averred therein and we begin our consideration of the case by regarding them as conceded. It appears that the probate court, without any supporting evidence and in opposition to indisputable facts, arbitrarily found the relator John to be a non-resident of the State. The record does not disclose whether the father of these children was living or dead at the time of the occurrences in question, but it does show that both of the relators had been living with their mother at her domicile in Buchanan county and that John was temporarily absent from the State. As a general rule, the domicile of the parent is the domicile of the minor child. [Lacy v. Williams, 27 Mo. 280.] And we perceive no exception to the rule in the facts before us. Both of these children were domiciled with their mother and the fact of the temporary absence of the boy did not offer even an excuse for the finding that he was a non-resident, especially when we consider how common a practice it is for parents to send their children to schools in other states. Under the circumstances, the probate court erred in its finding and in depriving John, who was more than fourteen years of age, of his right to select a curator.

Equally as indefensible was the action of the probate court in refusing to appoint the nominee of the relator Lillian as curator of her estate. She likewise being over the age of fourteen, the law (Revised Statutes 1899, Section 3486) gave her the right to select her cura-

tor and the only discretion the probate court could exercise in acting on her choice related to the question of whether her nominee was a suitable and competent person and resided in this State. Finding him to possess these qualifications, the court could not reject him, although it might be of the opinion that another person was better qualified to perform the trust. Within the bounds prescribed, the law regards a minor over fourteen years of age as competent to choose his own guardian or curator and gives him the absolute right to have the person of his selection appointed. It is conceded the person nominated by Lillian was duly qualified: the court did not find otherwise. Its action in refusing to make the appointment was not based on any disqualification, real or supposed, but on the mistaken idea that it could disapprove the selection with or without cause. The position of defendant thus is stated in his brief: "Section 3486 does not require the court to find the person chosen to be unsuitable or incompetent. It simply provides that if the choice shall not be approved by the court, then the court shall appoint the curator. In other words, the right of the minor to choose a guardian is not an absolute right, that choice must be with the consent and approval of the court and, if not approved, then the court must appoint." This construction is untenable. The command of the statute is imperative. If "the court . . . is satisfied that the person chosen is suitable and competent, the appointment shall be made accordingly." The court has no discretion to exercise if it finds the person chosen to be qualified. It cannot arrogate to itself the right of choice the law gives to the minor.

Thus it appears that in refusing to acknowledge the right of these minors to make a selection; in immediately appointing the public administrator curator of their estates, and in refusing to revoke its order on the motion filed by the minors, the probate court deprived

them of a substantial right and its acts essentially were arbitrary and oppressive.

But it is argued by defendant that all that has been said may be true and still the action must fail for these reasons. First: The probate court had jurisdiction over the parties and subject-matter. As a judicial tribunal and not as a ministerial officer, it was required to determine the questions of the residence of the relator John and of the suitability and competency of the nominee of Lillian. Therefore, the findings relating to these subjects were judicial acts and, as such, are to be governed by the rules relating to judgments which preclude their impeachment in a collateral attack such as a mandamus proceeding. In support of this contention the following authorities are cited: [Dixon v. Judge Circuit Court, 4 Mo. 286; County Court v. Inhabitants of Round Prairie Township, 10 Mo. 679; Dunklin County v. District County Court, 23 Mo. 449; Atkinson v. Railway, 81 Mo. 50; Castleman v. Relfe, 50 Mo. 583; Johnson v. Beazley, 65 Mo. 250; State v. Daniels, 66 Mo. 192; Camden v. Plain, 91 Mo. l. c. 129.] The conclusion drawn from these premises is that in attempting to go behind the judgment rendered by the probate court and to obtain an examination by the superior tribunal into the merits of the issues judicially determined, a fundamental rule pertaining to the exercise of original jurisdiction is ignored and the superior court is besought to make the writ of mandamus serve the functions of a writ of error, a thing which all must concede cannot be done. [State ex rel. v. Anthony, 65 Mo. App. 543; Mastin v. Sloan, 98 Mo. 252; State ex rel. v. Klein, 116 Mo. 259; State ex rel. v. Scarritt, 128 Mo. 331; High on Ex. Leg. Rem., secs. 770, 771, 772.]

Second: It is urged by defendant that since the statute affords no right of appeal from an order of the probate court appointing a guardian or curator, none could be taken and the probate court correctly refused

the application for an appeal made by relators' mother in their behalf.

First, we will consider the second proposition. Sec. 3535, Revised Statutes 1899, which appears in the chapter relating to guardians and curators, provides that "appeals shall be allowed from any final order or judgment of the probate court under this chapter . . . . in like manner and with the same effect as appeals are allowed in cases of the administration of the estates of deceased persons." Section 278, R. S. 1899, prescribes the rules applicable to appeals from the probate court in administration cases. No provision appears therein for the taking of an appeal from an order appointing an executor or administrator and it has been held that no right of appeal exists in such cases. [State ex rel. v. Fowler, 108 Mo. 465; Looney v. Browning, 112 Mo. App. 195; State ex rel. v. Guinotte, 113 Mo. App. 399.] Provision is made in the ninth clause of the section for taking appeals "on all orders revoking letters testamentary or of administration," and though no express authority is to be found in the section for an appeal from an order *refusing* to revoke letters of administration, the St. Louis Court of Appeals held in Owens v. Link, 48 Mo. App. 534, that such appeal would lie under the fifteenth clause, which grants the right of appeal "in all other cases where there shall be a final decision of any matter arising under the provisions of this chapter."

The case of State v. Collier, 62 Mo. App. 38, originated in the probate court on the petition of a widow who claimed priority of right to administer her deceased husband's estate. She sought the removal of administrators appointed in violation of her right and the grant of letters to herself. Her petition was denied and she filed an affidavit for appeal to the circuit court, but was denied the right of appeal. Held by the St. Louis Court of Appeals in a mandamus proceeding brought

by the widow in the circuit court to compel the probate court to grant her appeal, that she was entitled to the relief prayed.  ROMBAUER, J. who wrote the opinion observed that "the fact that a person thus illegally passed by, if a fit person may have his remedy by mandamus in the first instance, as many cases hold, in no way abridges his right of appeal.  In fact, the reasons are manifold why the right of appeal is preferable."  The theory underlying that opinion appears to be that the petitioner's appeal should be regarded as one from an order of the probate court denying her claim of a paramount right to administer rather than as an attempt to appeal from an order appointing an administrator, or from an order refusing to revoke letters of administration.  In the case of Burge v. Burge, 94 Mo. App. 15, we adopted the view expressed in the Collier case, saying "that where a claim of right under the statute to administer is denied by the probate court, the claimant may have an appeal."

A petition or motion to revoke letters of administration may be based on grounds that relate solely to the fitness of the administrator to continue in the performance of the duties of that trust and in view of the principles declared by the Supreme Court in State ex rel. v. Fowler, supra, we are not prepared to give our sanction to the broad doctrine announced by the St. Louis Court of Appeals in the case of Owens v. Link, supra, that an appeal will lie in all cases from an order refusing to revoke letters of administration.  In the Fowler case, the Supreme Court thought that "the fact that the legislature provided specifically for an appeal from an order revoking letters of administration, but made no mention of an appeal from an order appointing an administrator, raises a strong inference that it was not the intention to allow an appeal in the last-named cases."  So, with equal force it may be said the fact that provision is made for an appeal from an order revoking

letters of administration, and none mentioned for an appeal from an order refusing to revoke letters, indicates an intention not to allow an appeal in the last named cases. And if, as was held in the Owens case, the fifteenth clause of the statute is broad enough to include the right of an appeal from an order refusing to revoke letters, no reason can be given for saying that it should not include the right of an appeal from an order appointing an administrator. The reasoning of the Supreme Court applies as strongly to one class of cases as to the other and is hostile to the conclusion reached by the St. Louis Court of Appeals in the Owens case.

But after the granting of letters of administration to a person possessing an inferior right to administer, the only method by which the owner of the paramount right first may assert his claim is by petition or motion to revoke the letters granted and to grant letters to him. Such petition or motion is more than a mere proceeding to revoke letters. It is the assertion of a claim of right; is in substance and legal effect the pleading of a new cause of action, which in no sense has been adjudicated by the prior grant of letters to one not by law entitled to them. The revocation of the existing letters is merely a step in the enforcement of such right. Thus regarded, the denial of the probate court to recognize the prior right of the moveant should not be classified as a mere refusal to revoke letters since it cannot be compressed within such narrow bounds, but should be treated as an adverse order made on a claim of right and an appeal should be allowed under the fifteenth clause of the statute. What we have said is but an elaboration of the principle followed in the Collier and Burge cases and is in harmony with the reasoning of the Supreme Court in the Fowler case, since an appeal so taken could not be permitted to afford a ground for superseding the order under which the existing letters were issued and therefore could not interfere, while

pending, with the administration of the estate under those letters.

Applying these principles to the present case, the refusal of defendant to sustain the motion filed by relators to set aside the order appointing the public administrator curator of their estate on the ground that the appointment was in derogation of their right of selection and requesting the appointment of the person selected by them, was a denial of their right and relators had the right to appeal from that order.

But it is argued that the relators on account of their minority were without legal capacity either to appeal themselves or to appoint an agent to take the appeal for them and that their mother, neither as agent nor as their natural guardian, possessed authority to act for them. In giving to a minor over the age of fourteen years the right, within the bounds prescribed, to exercise his own judgment in the selection of a guardian or curator, the law recognizes his competency to act. For that purpose, he is *sui juris*. Being of lawful age for the exercise of a particular right, it logically follows he is of lawful age to appeal from an order depriving him of that right since the act of appealing is but a step in the exercise of the right itself. His competency to act for himself carries with it competency to authorize an agent to act in his behalf. Being, as we observed, a person of lawful age for this particular purpose, he possesses, in the direct proceeding, all the incidental rights and powers that are necessary to give force and vitality to his primary right. The mother of the relators could make the affidavit for appeal as their agent and as defendant erred in refusing to allow the appeal, an action will lie in the circuit court to compel its allowance by mandamus. Possessed of a remedy by appeal in the direct proceeding, are the relators restricted to that remedy, or are they also possessed of the speedier remedy of mandamus to prevent what might amount to an actual

deprivation of their right to choose their curator? Considering the unavoidable delays incident to the progress of a direct proceeding to its final determination, it easily is conceivable that should we hold the relators are entitled to no other relief than the remedy enforcing their right of appeal, they may reach their majority before the fruition of their right to select a curator and thus be deprived of all the practical benefits of that right. The necessities of the situation call imperatively for the application of a speedier remedy to prevent the emasculation of the right and we perceive no reason why such remedy should not be extended regardless of the existence of the slower remedy in the direct proceeding. In England during the common law period, mandamus from the superior temporal courts was a remedy enforced against the spiritual courts to compel a particular grant of administration. [Schouler, Executors and Administrators (2 Ed.) sec. 150, citing 2 Sid. 114; 1 Stra. 552.]

In State ex rel. v. Fowler, supra, it was held the writ would lie to compel the probate court in administration cases to follow the order of priority fixed by the statute, but this was in a case where no right of appeal existed in the direct proceeding. In the Collier case, it held that the person wrongfully deprived of his statutory right could in the first instance avail himself of either remedy, but it was also decided under the authority of State ex rel. v. Allen, 92 Mo. 20, that the circuit court in a mandamus action could not review acts of the probate court in their nature judicial. In the Guinotte case, while recognizing the correctness of this latter rule, we decided that where the claim of right asserted was supported in the probate court by substantial and convincing evidence and no evidence against it was adduced, the act of the court in denying the claim should be classified as a ministerial rather than as a judicial act and, accordingly, sustained the writ. We are sat-

isfied with that rule. In every case where application is made for letters of administration or curatorship, certain facts must be determined by the court, such as the identity and kinship of the applicant and his place of residence in administration cases, or the age of the minor and the suitability and competency and place of residence of the person chosen by him for the curatorship in the latter class of cases. To say that the ascertainments of such facts are judicial acts, even where the facts are undisputed in the evidence, would be to deny the remedy of mandamus in all cases where a rightful claim has been arbitrarily ignored and, as we observed in the Guinotte case, would result in destroying the force and intent of the statute. In the present case, the facts being admitted of record, the acts of defendant under consideration should be treated as ministerial and therefore subject to review and correction in a mandamus proceeding.

But the fact that the relators in the first instance were entitled to mandamus to compel the probate court either to grant their appeal or to give them an opportunity to express their choice and to appoint their nominee, if found to be suitable and competent, does not give them the right to both forms of relief. The granting of an appeal necessarily would deprive the probate court of all jurisdiction over the subject-matter and vest exclusive jurisdiction in the circuit court. To command the probate court to grant the appeal and in the next breath to command it to act on the claim of relators in accordance with the requirements of the statute, is in effect telling the court to divest itself of jurisdiction and, yet, to exercise jurisdiction, an obvious inconsistency. The peremptory writ ordered by the learned trial judge erroneously embodies this anomaly. It is as follows:

"It is therefore ordered by the court that a peremptory writ of mandamus issue against the respondent,

and that he be thereby required without delay to allow the appeal of John P. Pinger and Lillian Pinger to the circuit court of Buchanan county, Missouri, and to act on the sufficiency of the appeal bond filed by them; and further that without delay the said judge of the probate court shall permit the said John P. Pinger and Lillian Pinger, they being minors over the age of fourteen years, to respectively make choice of a curator of their estate; but nothing herein contained shall be construed as to in anywise limit the discretion reposed by law in said probate court to determine for itself the suitableness and competency of the person who may be chosen by said minors for appointment, to act as curator of their estate; and it is further ordered that the costs of this proceeding be taxed against the respondent."

The alternative writ, it is true, embodied both remedies, but in the alternative. The remedy invoked by a petitioner is no part of the cause of action pleaded and with the cause of action in effect confessed, the court should have selected from the alternative remedies invoked the one best suited to promote substantial and effective justice. Evidently this end will better be accomplished by directing the probate court to act on relators' claim of right in accordance with the principles herein announced than by compelling them to resort to the slow process of an appeal. The judgment is reversed and the cause remanded with directions to enter judgment conforming to the view expressed. All concur.